Shellhammer Unemployment Compensation Case.

Shellhammer, Appellant, *v.* Unemployment Compensation Board of Review.

Argued November 14, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*J. Harry Pershing,* with him *Adam B. Shaffer,* for appellant.

*R. Carlyle Fee,* Assistant Special Deputy Attorney General, with him *T. McKeen Chidsey,* Attorney General, and *Charles R. Davis,* Special Deputy Attorney General, for appellee.

OPINION BY ROSS, J., March 8, 1948:

This is an appeal by the claimant, Sarah E. Shellhammer, from a decision of the Unemployment Compensation Board of Review disallowing compensation on the ground that the claimant was not available for

work as required by section 401(d) of the Unemployment Compensation Law of Dec. 5, 1936, P. L. (1937) 2897, as amended, 43 PS 801.

In discussing the availability requirement of the Unemployment Compensation Law, Judge Reno, in *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 45 A. 2d 898, at page 560 et seq., stated: "The act provides (section 401, 43 PS 801) : 'Compensation shall be payable to any employe who is or becomes totally unemployed . . . and who . . . (b) Has registered for work at a designated employment office, . . . (d) Is able to work and available for [suitable] work . . .' The basic purpose of these requirements is to establish that a claimant is actually and currently *attached to the labor force.* . . . There is no requirement in the quoted section, nor elsewhere in the act, that a claimant shall be available for work in any particular place, such as the locality in which he earned his wage credits or where he last worked or resided. The mere fact that a claimant has moved from one locality to another does not create a basis for holding him unavailable for work. If he registers for work in the new locality, and *labor-market conditions* there afford *reasonable opportunities for work,* he is available for work . . . the availability rule does not necessarily require that a claimant be available for his most recent work or his customary work. It is sufficient if he is able to do some type of work, and there is *reasonable opportunity for securing such work in the vicinity in which he lives.* . . . The determination of availability is not wholly an administrative function, but it is largely a question of fact. Some aspects of the question, e. g., the *conditions in a given labor market,* the ability of a worker to perform specified types of work, the time or work-shift which is most suitable for him, and many similar matters, are certainly pure questions of fact. . . . Our examination of the record in contests concerning availability must ordinarily be limited to the determination whether the board's

findings of fact are sustained by the evidence." (Italics supplied.)

In this case, the board made the following findings of fact: "1. The claimant, age 32, was last employed as an instructress, by Maison Frederick School of Beauty Culture, 14 East Pittsburgh St., Greensburg, Pa. . . . 2. Claimant was permitted to be absent from work for one month because of illness. At the end of said month she was physically able to return but did not do so because of lack of transportation. 3. Claimant resides in Avonmore, Pa., approximately twenty-two miles from Greensburg, Pa. Avonmore is a town of approximately 1,000 persons, no employment opportunities exist therein and no public transportation facilities are available therefrom. 4. While employed by Maison Frederick School of Beauty Culture, claimant traveled by car with other persons either the entire distance from her home or to a point where a bus could be obtained. After her illness such transportation by car was not available." Not only are these findings of fact sustained by the evidence but they are approved and accepted by the claimant.

In *Teicher Unemployment Case,* 154 Pa. Superior Ct. 250, 35 A. 2d 739, the claimant left her employment in New York and moved to an army post in Louisiana. Compensation was denied on a finding that claimant was living at an army post where there were no employment opportunities and was thereby removed from the labor market. In this case, the claimant has not detached herself from the labor market by removing to another locality as in the *Teicher* case, but nevertheless, by her own testimony, she *is* detached from it; not only because there are no employment opportunities where she resides, but in addition there are no transportation facilities to a place where employment opportunities exist. Consequently, she does not meet the availability requirement of the Act.

Decision affirmed.