195 P.2d 344

### Claim of JACKSON.

#### No. 7349.

Supreme Court of Idaho.

June 22, 1948.

George W. Beardmore, of Lewiston, for Potlatch Forests, Inc.

Robert E. Smylie, Atty. Gen. and Sherman F. Furey, Jr., Asst. Atty. Gen., for respondent.

Paul C. Keeton, of Lewiston, for appellant.

362

GIVENS, Chief Justice.

Appellant had been employed in the lumber mill of the Potlatch Forests, Inc. at Lewiston, Idaho, from about March 1943 to February 8, 1946, as a button-pusher, operating 39 electrical buttons which control the rolls and chains in the sawmill governing the passage through the mill of logs to completed lumber, requiring quick and accurate thinking, and skill and certainty of touch comparable to operating the keys of a typewriter, fraught with potential danger and hazard to other employees and the smooth and continued operation of evidently the entire mill; thus, a position requiring ability and adaptability.

On the latter date she was released from employment and replaced by a Service man —it evidently having been understood at the time of her initial employment that as soon as men were available for such positions as hers, women would be replaced by men. February 12, same year, she filed an initial claim for unemployment compensation benefits. She remained out of employment, being denied compensation, until July 25 of the same year, when she was again re-employed in the same position.

At the time of her release in February, Margarett Jackson was receiving $1.00 per hour, having been advanced to that rate from an initial rate of 85 cents per hour.

The Board denied compensation "for the reason that she (appellant) so limited and so restricted her availability for work that she cannot be held to have been available for work at the time of filing her claim." The appropriate provision of the Unemployment Compensation Law applicable is Section 43-2409 I.C.A., Chapter 203, Session Laws of 1945, page 356.[1]

Miss Rondeau, the interviewer in the Unemployment Compensation service department at Lewiston, testified and introduced records of her office showing appellant was given two referrals to available work; one at Spengler's Bakery in Lew-

1 "(c) For not less than one, nor more than five weeks, as determined by the Board according to the circumstances of each case, if his continued unemployment is due to his failure, without good cause, to apply for available suitable work as directed by the employment office or by the Board, or to accept suitable work when offered to him, or to return to his customary self-employment as directed by the Board, and his total benefit amount as defined in Section 42-2403 shall be reduced by his weekly benefit amount, as defined in Section 42-2402, for each week that he is disqualified.

"(d) In determining, under the provisions of subsection (c) of this section, whether work is suitable for an individual, the Board shall consider the degree of risk involved to his health, safety and morals, his physical fitness, experience, training, past earnings, length of unemployment and prospects for obtaining local employment in his customary occupation, the distance of the available work from his residence, and such other factors as the Board shall deem pertinent. No employment shall, in any event, be deemed suitable, and benefits shall not be denied to any otherwise eligible individual for refusing to accept new work under any of the following conditions—" Section 43-2409 I.C.A.

iston at 54 cents per hour, and the other as seed sorter for the Mark Means Company at Lewiston at 55 cents per hour.

Appellant testified she refused the employment at the Bakery because of the nature of the work and inferior pay, and she had been informed they were not hiring at the Mark Means Company, but were laying off. However, she stated unequivocally that she, herself, did not go to the Mark Means plant and investigate the possibilities there. The Company had difficulty in finding competent replacement for appellant's job and there was evidence indicating expectancy of her reemployment, which later transpired. Appellant, by her own account, though the work and pay at the Means plant were not unsatisfactory, did not follow up such Means referral and made no attempt to find other employment and to what extent she was justified in relying on the expectancy of reemployment, though later consummated, to warrant her continued idleness, was for determination by the Board. The Board found:

"The claimant at no time after her separation made any effort to obtain any other employment, except from Potlatch Forests, Inc. She was confident that because of her competency as a button-pusher she would be re-hired at her former job, although at the time she filed her claim for benefits and refused the referrals above mentioned, she had no immediate prospects or reasonable expectancy of being re-employed by Potlatch Forests, Inc., nor did she have any immediate prospects or reasonable expectancy of finding work in the community on the same level with that at Potlatch Forests, Inc."

and was justified in concluding under Section 43-2408 I.C.A. from the entire record that appellant was not available for work within the provisions of the statute entitling her to compensation.

"The unemployment compensation law does not contemplate that a job must seek out a man and coax him to work, but presupposes some effort on his part to secure work." Canton Malleable Iron Co. v. Green, 75 Ohio App. 526, 62 N.E.2d 756, 757.

Order affirmed. No costs allowed.

BUDGE, MILLER, and HYATT, JJ., concur.

HOLDEN, Justice (concurring specially).

The findings of the Board are supported by competent, convincings and substantial evidence. Therefore, I concur.