This is an appeal from a determination of the Board of Review of the Division of Employment Security of the State Department of Labor and Industry, formerly known as the Board of Review of the Unemployment Compensation Commission, which denied benefits to the plaintiff-appellant upon the ground that appellant was not available for work within the purview of R.S. 43:21-4(c) from October 14, 1945, to March 10, 1946.
The Board of Review found the facts as follows:
"The claimant is a married woman, 25 years old. She was separated from employment at a powder plant on August 4, 1945 because she refused to accept a transfer to a slightly more dangerous type of work. Upon separation she received payment for accumulated unused vacation and, in addition, a payment of $148.32 as remuneration in lieu of notice. Based upon her regular pay, this was remuneration up to August 25, 1945.
"The claim was filed on August 20, 1945. The claimant failed to notify the Deputy that she had been paid remuneration in lieu of notice up to August 25. Claimant reported regularly at the local office of the Employment Service through March 10, 1946, after which date she ceased reporting, her benefit coupons being exhausted.
"The Deputy held the claimant eligible for benefits through October 14, 1946 and paid her benefits for that period. No appeal was filed and the deputy did not rescind his determination within seven days. *Page 145 
"The claimant became pregnant in December 1945. She was able to work through March 10, 1946.
"The Employment Service referred the claimant to three jobs, on August 20, August 27 and January 31. She refused the first because the hours were from 3:30 to 10:00 P.M. and she objected to working at night. She refused the second job because it paid only 40 cents per hour and she was unwilling to work for less than 50 cents per hour. She had earned $1.03 per hour on her war-time job. She was ill on the occasion of the third referral and did not apply for the job until about a week later. By that time it had been filled.
"Outside of reporting to the Employment Service office and accepting the three job referrals which were given her there, the claimant made no independent efforts on her own part to find work except that she asked some of her relatives whether or not they knew of any job possibilities. She made no applications to employers for work except on the three job referrals.
"The claimant lives in a small community where there is very little peace time opportunity for employment. Her employment at the powder plant was largely a fortuitous circumstance due to the war because, on account of the emergency, special transportation facilities were provided, unusual efforts were made to recruit workers and high wages were paid. After being separated from this job the claimant made no effort to find work in neighboring communities where jobs might have been found."
The sole question is, was appellant, under the facts as found, which are substantially undisputed, entitled to benefits for the time stated, namely October 14, 1945, to March 10, 1946.
R.S. 43:21-4 provided:
"An individual, totally or partially unemployed, shall be eligible to receive benefits with respect to any week only if it appears that:
"(a) He has registered for work, etc.
"(b) He had made a claim for benefits, etc.
"(c) He is able to work, and is available for work.
"(d) Prior to the first week he has been totally or partially unemployed for a waiting period of one week, etc.
"(e) He has within his base year earned the required wages."
There is no dispute that appellant registered for work at the Employment Service office; that she made claim for benefits; that she served a waiting week; that she earned the required wages; that she was able to work. The only question is was she "available for work" as contemplated by section (c) of the statute? *Page 146 
It is undisputed that appellant left her job, because of refusal to take another job that she regarded as more hazardous. Thereafter, the only applications for work by appellant were on three referrals of the Employment Service, two of which were declined by her for what were held to be adequate reasons, and the third position was filled during her illness. She sought no positions by her own efforts; she appears to have rested upon the Employment Service and inquiry to her relatives and friends.
There is little in the decisions of our courts on the question of what is "availability for work" within the meaning of the statute. In Muraski v. Board of Review, etc., 136 N.J.L. 472
(Sup. Ct. 1948), it was held that the claimant unduly restricted his availability for employment to "an office job," with a minimum rate of $1 per hour. It was held that "this unemployment was voluntary."
In the instant case, except as stated above the only effort of appellant to secure employment was by inquiry to her relatives and friends. There is no proof that she made inquiry or any other application to any employers within reasonable distance of her home. Not once, so far as appears in her testimony, did she independently seek employment with her former employer or any other prospective employer. She was paid benefits for more than two months, during which time there was no employment available in her own community, nor was there likely to be any through the Employment Service, as was indicated by the small number of referrals submitted to her.
It seems reasonable to require that one, to be "available for work," as contemplated by the statute, should make some effort to obtain employment, and not rely entirely on the Employment Service and relatives and friends, but go out within a reasonable distance of one's home and seek employment. This appellant did not do. We conclude that the finding of the respondent that appellant was not "available for work" within the purview of the statute was adequately supported by the facts submitted.
The judgment under review is affirmed. *Page 147