COLUMBUS TREAKLE v. UNEMPLOYMENT COMPENSATION COMMISSION OF DELAWARE.

(*August* 8, 1951.)

RICHARDS, P. J., sitting.

*Henry S. Hathaway* (of Reedsville, Virginia, *Pro Hac Vice*) for the Appellant.

*Robert V. Huber* for the Unemployment Compensation Commission.

Superior Court for New Castle County, No. 486, Civil Action, May Term, 1950.

RICHARDS, P. J.:

The record in this case discloses that the Claimant, Columbus Treakle, is a resident of Folly, Virginia, an isolated non-industrial section, on the most Easterly tip of the "Northerly Neck" of Virginia about five miles from Reedsville, Virginia; that the men who live in this community are principally engaged in Menhaden fishing which occupies their time from late May or early June through December; that the only other occupation to be had there during the early spring and winter months is trap fishing, oyster shucking, sporadic sawmill and pulp mill work and farming; that the people by whom these industries are carried on have their regular employees and as a usual thing are not in need of help at the time the claimant is not pursuing his regular occupation of Menhaden fishing; that the Claimant was employed on a fishing boat by Fish Products Company of Lewes, Delaware, from June until October, 1949, after which he went to North Carolina and was employed on a fishing boat until about the eighteenth day of December; that he then returned to his home at Folly, Virginia, and made some inquiry there for work, but it does not appear that his efforts to obtain work were persistent and there is no record of his having applied for work anywhere else; that in years past he had not done anything during the winter months between the fishing seasons.

The facts of this case are very much like the facts in the case of *Williams v. Unemployment Compensation Commission*, 7 *Terry* 292, 83 *A*. 2d 677, in which an opinion has just been filed construing the same section of the Unemployment Compensation Law. What I said in that opinion applies with equal force to this case.

██ The Claimant was familiar with the labor conditions in and around Folly and Reedsville. He knew that the industries there had their regular employees who were given preference over other workmen. When he accepted employment on fishing boats that took him away from that locality for practically eight months in the year he could not expect to return there and find employment at any time he wanted it. It was not sufficient to apply for work at some of the places of business and then wait to be notified when he was wanted, or assume that he could not obtain work at other places because they had their regular employees.

Knowing the labor conditions in that locality as he did, and having selected as his regular employment work on a fishing boat which took him away from there for about eight months in the year, he knew what to expect when he returned and should have looked elsewhere for work when he was not able to find it there.

██ Whether the Claimant was actively seeking work is a question of fact to be determined from the record of the proceedings. *Shellhammer v. Unemployment Compensation Board of Review*, 162 *Pa. Super*. 327, 57 *A*. 2d 439.

I am convinced that the findings of fact and the decision of the Unemployment Compensation Commission are correct.

The appeal is dismissed.