CHARLES E. WILLIAMS v. UNEMPLOYMENT COMPENSATION COM-
MISSION OF DELAWARE.

(*August* 8, 1951.)

RICHARDS, P. J., sitting.

*Henry S. Hathaway* (of Reedsville, Virginia, *Pro Hac Vice*)
for the Appellant.

*Robert V. Huber* for the Unemployment Compensation
Commission.

.Superior Court for New Castle County, No. 487, Civil Ac-
tion, May Term, 1950.

RICHARDS, P. J.:

The record discloses that the claimant, Charles E. Williams,
is a resident of Reedsville, Virginia; that on the last Monday in
May 1949, he started work on a fishing boat for the Fish Prod-
ucts Company of Lewes, Delaware, and continued to work there
until the twentieth of October, 1949; that he then went to North
Carolina and worked on a fishing boat for Reedsville Oil until
some time in December, 1949, when he returned to Reedsville,

Virginia; that he had been working on fishing boats about sixteen or seventeen years, and was always away from his home at Reedsville, Virginia, while so employed; that he filed a claim against the Delaware Unemployment Compensation Commission, at Heathville, Virginia, on December 28, 1949, with Mr. V. A. Trader, of the Virginia Unemployment Compensation Commission; that benefit payments were withheld on January 23, 1950, by C. J. Ellis, Claims Deputy, on the ground that he was not actively seeking work; that an appeal was taken from the decision of the Claims Deputy and a hearing was held at Warsaw, Virginia, on February 23, 1950, before E. L. Callear, Examiner for the Virginia Unemployment Compensation Commission, at which the claimant testified concerning the effort which he made to obtain employment after the fishing boat on which he had been employed in Delaware and North Carolina, during the summer and fall of 1949, returned to Reedsville, Virginia; that Reedsville is a small place with about 500 inhabitants, the only local occupation being, trap fishing, oyster shucking and fish packing houses, boat repairing and sawmill work but there were no sawmills near where the claimant lived and he did not have an automobile.

It appeared that the claimant went to see a man for whom he had formerly worked, who had been in the trucking business, but found that he had sold his trucks and did not have any work for him. He then inquired of a Mr. Slaughter who operated a fish packing house who told him he would have to look after his own boys first but would take him on if he had an opening. He spoke to some of the employees of one or two other firms doing business there who informed him that there were no openings. Judging from the testimony these applications for work were not followed up.

In fact, the claimant testified that when he returned to Reedsville in the fall he inquired everywhere for work but there was not any work to do there at that time of year.

The portion of the Delaware Unemployment Compensation

Law involved in this appeal is Chapter 258, Section 4(c) of Volume 41 of the *Laws of Delaware*, as amended by Chapter 162, Section 3, of Volume 46 of the *Laws of Delaware*, which provides:

"Section 4. An unemployed individual shall be eligible to receive benefits with respect to any week only if the commission finds that—

"(c) He is able to work, and is available for work, and is actively seeking work".

There seems to be no doubt that the claimant was able to work and available for work but the evidence taken before Mr. Callear, the Examiner for the Virginia Unemployment Compensation Commission supports the decision of the Claims Deputy, the Referee and the Unemployment Compensation Commission of Delaware, that he was not actively seeking work.

The Virginia Unemployment Compensation Law, *Code* 1950, § 60-46, requires that the claimant shall be eligible for benefits if he is able to work and available for work, but the Delaware Law contains the additional provision that he must be actively seeking work.

The claimant was familiar with the labor conditions in and around Reedsville. He knew that the industries there had their regular employees who were given preference over other workmen. When he accepted employment on fishing boats that took him away from Reedsville for practically eight months in the year, he could not expect to return there and find employment at any time he wanted it. It was not sufficient to apply for work at some of the places of business and then wait to be notified when he was wanted or assume that he could not obtain work at other places because they had their regular employees.

Knowing the labor conditions at Reedsville as he did, and having selected as his regular employment work on a fishing boat which took him away from Reedsville for about eight

months in the year, he knew what to expect when he returned, and should have looked elsewhere for work when he was unable to find it there.

■ Whether the claimant was actively seeking work is a question of fact to be determined from the record of the proceedings. *Shellhammer v. Unemployment Compensation Board of Review*, 162 *Pa. Super.* 327, 57 *A.* 2d 439.

I am convinced that the findings of fact and the decision of the Unemployment Compensation Commission are correct.

The appeal is dismissed.