[No. 31784. Department Two. January 17, 1952.]

WILLIAM E. HERMSEN, *Appellant,* v. THE EMPLOYMENT SECURITY DEPARTMENT *et al., Respondents.*[1]

[1]Reported in 239 P. (2d) 863.

*Joseph D. Holmes*, for appellant.

*The Attorney General* and *Bernard A. Johnson, Assistant,* for respondents.

HILL, J.—█ To be eligible for benefits under our unemployment compensation act, an unemployed individual must be "available for work in any trade, occupation, profession, or business for which he is reasonably fitted." Rem. Supp. 1949, § 9998-206(c).

█ To be available for work, an unemployed individual must be "ready, able, and willing, immediately to accept any suitable work which may be offered to him and *must be actively seeking work.*" (Italics ours.) Rem. Supp. 1949, § 9998-206(c).

█ One who makes no effort to secure work in his usual trade or occupation or any other suitable employment, other than reporting weekly to the office of the unemployment service division of the employment security department, is not "actively seeking work" within the meaning of those words as used in Rem. Supp. 1949, § 9998-206(c). *Jacobs v. Office of Unemployment Compensation & Placement,* 27 Wn. (2d) 641, 179 P. (2d) 707.

█ One who is not actively seeking work is not available for work, and hence is not eligible for benefits under our unemployment compensation act. Rem. Supp. 1949, § 9998-206(c).

█ The fact that an unemployed individual's union is endeavoring to secure his reinstatement in the position he formerly held does not justify his failure to be "actively

seeking work" within the meaning of those words in Rem. Supp. 1949, § 9998-206 (c), when there is no reasonable possibility that his union will accomplish that result. (The union of which appellant was a member had no contract or working agreement with the former employer and was not recognized by such employer.)

The foregoing five paragraphs state the law applicable in this case. The first, second and fourth paragraphs are statements of statute law; the third and fifth paragraphs apply that statute law to the facts of the present case. Anything further would be redundant.

The result is affirmance of the judgment of the superior court, which in turn had affirmed the decision of the commissioner of the employment security department of the state of Washington, who had in turn affirmed the decision of the appeal tribunal of that department, which had affirmed the determination of the benefit division that William C. Hermsen was not entitled to benefits until he established that he was actively seeking work.

SCHWELLENBACH, C. J., HAMLEY, FINLEY, and OLSON, JJ., concur.