## Sciabbarrasi Unemployment Compensation Case.

Argued March 14, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Lena DePhilippo Sciabbarrasi,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WOODSIDE, J., March 24, 1960:

Lena DePhilippo Sciabbarrasi, the appellant in this case, was denied unemployment compensation by the Bureau of Employment Security, the referee and the Board of Review. The evidence shows that she left her employment in Pennsylvania to submit to an operation, and upon advice of her physician to seek a warmer climate, thereafter moved into her sister's home in North Miami Beach, Florida. The board found that transportation was not available for the claimant from North Miami Beach to her labor market area, and concluded that she was therefore not available for work, and was disqualified from receiving unemployment compensation by §401(d) of the Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, as amended, 43 PS §801(d). See *Shellhammer Unemployment Compensation Case,* 162 Pa. Superior Ct. 327, 57 A. 2d 439 (1948).

The appellant contends the board erred in finding that transportation was not available for her from North Miami Beach to her labor market area. The finding was based upon the following testimony of the claimant: "Q. And it further reflects that you have stated to representatives of the employment office, that you came to Florida because you had your sister down here and wanted to be with your sister? A. I was living with my sister, and when I went to look for a job on the beach, they told me if I wanted to work I couldn't live in N. Miami Beach there was no way for me to get to work; so when I finally got a job I moved away from my sisters and found a place where I can get transportation to work."

The credibility of the witnesses, the weight of their testimony, and the reasonable inferences to be drawn from it are for the board. *Ristis Unemployment Compensation Case,* 178 Pa. Superior Ct. 400, 403, 116 A. 2d 271 (1955).

Where the decision of the board is against the claimant, the question before this Court is whether the board's findings of fact are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of the competent evidence. *Lavely Unemployment Compensation Case,* 163 Pa. Superior Ct. 66, 67, 60 A. 2d 352 (1948); *Mettetal Unemployment Compensation Case,* 187 Pa. Superior Ct. 291, 293, 144 A. 2d 586 (1958). An examination of the record reveals no such inconsistency in the findings or conclusions, and no capricious disregard of competent evidence by the board.

Decision affirmed.