358 P.2d 396

Edward B. ELLIS, Claimant-Appellant,

v.

EMPLOYMENT SECURITY AGENCY, Defendant-Respondent.

No. 8873.

Supreme Court of Idaho.

Jan. 3, 1961.

E. J. Aschenbrener, Nampa, for appellant.

Frank L. Benson, Atty. Gen., Jedd Owens, Asst. Atty. Gen., John Gunn, Legal Counsel for Employment Security Agency, Boise, for respondent.

McQUADE, Justice.

This is an appeal from an order of the Industrial Accident Board affirming a decision of an appeals examiner for the Employment Security Agency of the State of Idaho. Additional testimony was taken by the Board at its hearing. The Board ruled that Edward B. Ellis, the claimant, did not meet eligibility requirements of the Employment Security Law (I.C. sec. 72–1366 (e) because claimant was seeking limited employment in accordance with self-imposed restrictions, and for that reason was not available for suitable employment.

Claimant was employed continuously for nearly 15 years by the Amalgamated Sugar Company of Nampa, Idaho. During the last two years of this employment, his duties were those of a watchman. A description of this employment was: 1, punching a clock at 11 stations; 2, sweeping and mopping a floor; 3, supervising the use of lockers; 4, maintaining a watch on the gates to the plant to limit access to authorized persons; 5, sprinkling the grass in summer time; 6, keeping a lookout for fire and thieves. Punching the watchman's clock required approximately one-half of each hour; thereafter, claimant would perform the other menial tasks. Claimant was not required to perform hard or heavy lifting duties.

Claimant's employment by the sugar factory was terminated near the end of March, 1959, by virtue of the employer's rule that persons attaining the age of 65 would no longer be employed. At the time of the Board hearing, claimant was 68 years of age.

After termination of his services at the sugar factory, he worked part time as a janitor at a pool hall for a period of five to six weeks. The scrubbing required on this part-time job caused pain in one shoulder. The claimant suffers from neuritis. Claimant's physician by letter reported that Ellis was physically unable to do heavy work, but was capable of performing light work, such as that of a watchman, or other light chores.

The local Employment Security Agency referred claimant for employment to Kindness Animal Hospital as a handyman, this referral having a job description of painting fences and outbuildings, mowing lawns, cleaning pens and stalls and hauling ma-

nure, answering telephones, sweeping and dusting, at about $100 per month compensation.

The local agency determined that the prospective employer was not impressed with the claimant's manner in applying for the job, and further that the claimant was not desirous of making himself available on the labor market. Claimant took the position that income from work which he accepted would have to be in excess of the social security benefit which he receives, of $154 each month.

Nampa, Idaho, is in an agricultural area. The Board found that claimant had been seeking employment as a watchman among certain establishments in Nampa where watchmen were employed, that there were no apparent openings, and further that claimant had no knowledge concerning a "maximum age rule" at those places. The Board ruled that because of the limited employment which the claimant could accept, and because of self-imposed restrictions, although such were involuntary, he did not meet the availability requirements of the Employment Security Law.

■ The claimant's assignments of error raise the issue as to his availability for suitable work within the meaning of I. C. sec. 72–1366(e). He has the burden of establishing that he has met the requirements of this section, which provides:

"The personal eligibility conditions of a benefit claimant are that—

\* \* \* \* \* \*

"(e) During the whole of any week with respect to which he claims benefits or credit to his waiting period he was able to work, available for suitable work, and seeking work \* \* \*."

See also Turner v. Boise Lodge No. 310, B. P. O. E., 77 Idaho 465, 295 P.2d 256; Wolfgram v. Employment Security Agency, 75 Idaho 389, 272 P.2d 699; Claim of Sapp, 75 Idaho 65, 266 P.2d 1027. To meet the availability requirements of the statute, the claimant must show that he is able, ready, and willing to accept, and is seeking, suitable work at a point where an available labor market exists. Claim of Sapp, supra.

"'The availability requirement is said to be satisfied when an individual is willing, able, and ready to accept suitable work which he does not have good cause to refuse, that is, when he is genuinely attached to the labor market.' \* \* \*" Hunter v. Miller, 148 Neb. 402, 27 N.W.2d 638, 640.

See also Claim of Sapp, supra; Mohler v. Department of Labor, 409 Ill. 79, 97 N.E. 2d 762, 24 A.L.R.2d 1393; Leonard v. Unemployment Compensation Bd. of Review, 148 Ohio St. 419, 75 N.E.2d 567; Kontner v. Unemployment Compensation Bd. of Re-

view, 148 Ohio St. 614, 76 N.E.2d 611; Boyer v. Bd. of Review, 4 N.J.Super. 143, 66 A.2d 543; Shellhammer v. Unemployment Compensation Bd. of Review, 162 Pa. Super. 327, 57 A.2d 439; Claim of Jackson, 68 Idaho 360, 195 P.2d 344; Stricklin v. Annunzio, 413 Ill. 324, 109 N.E.2d 183; Schettino v. Administrator, Unemployment Comp. Act, 138 Conn. 253, 83 A.2d 217; Kentucky Unemployment Ins. Comm. v. Henry Fischer Packing Co., Ky., 259 S.W. 2d 436.

A claimant may render himself unavailable for work by imposing conditions and limitations as to employment, so as to bar his recovery of unemployment compensation, since a willingness to be employed conditionally does not necessarily meet the test of availability. 81 C.J.S. Social Security and Public Welfare § 204, p. 304.

In the case at hand there was consideration given to the claimant's mental attitude, physical condition, age, compensation desired, self-imposed restrictions, and possible loss of social security benefits. There is ample evidence in the record to support the Industrial Accident Board in concluding that the claimant did not meet the availability requirement of the employment security law.

Findings of fact by the Industrial Accident Board, when supported by substantial evidence, will not be disturbed by the Supreme Court upon appeal. Ohm v. J. R. Simplot Co., 70 Idaho 318, 216 P.2d 952; Blue Bell Co. v. Employment Sec. Agency, 75 Idaho 279, 270 P.2d 1054.

The order is affirmed.

No costs allowed.

TAYLOR, C. J., and SMITH, KNUDSON and McFADDEN, JJ., concur.