387 P.2d 893

**Paul R. HUDSON, Claimant-Appellant,**

**v.**

**HECLA MINING COMPANY, and the Employment Security Agency of the State of Idaho, Defendants-Respondents.**

No. 9343.

Supreme Court of Idaho.

Dec. 23, 1963.

James P. Keane, Wallace, for appellant.

Charles E. Horning, Wallace, and Franklin H. Powell, Boise, for respondents.

SMITH, Justice.

Appellant is herein sometimes referred to as claimant, the Industrial Accident Board, as the board, and Employment Security Agency, as the agency.

Claimant has appealed from an order of the board denying him unemployment compensation.

Claimant was employed by Hecla Mining Company for 26 years, sometimes as a repairman and mechanic, but mainly as a miner. June 29, 1962, claimant, having attained the age of 65 years, was involuntarily retired by the company.

July 2, 1962, claimant filed a claim for unemployment compensation benefits, using the agency's form filled out by an employee of the agency at its local office in Wallace. The form shows claimant's main occupation as "miner." Claimant was not asked whether he was capable of doing other work, nor did he volunteer any information. The space provided for the answer to such a question was left blank.

The agency allowed the claim and claimant received payment of the benefits through September 9, 1962. The agency then determined that claimant was no longer eligible for benefits because he did not meet the availability and seeking work requirements under the law. (I.C. § 72–1366). Claimant requested a redetermination and again was found ineligible. Claimant then appealed from the redetermination and requested a hearing by an appeals examiner. Following such a hearing, the appeals examiner ruled, "That the claimant, effective September 9, 1962, has not met the requirements of the law with respect to availability", and denied further benefits until such time as the requirements were met. Claimant then appealed to the board which held a further hearing and received additional evidence.

The board found that claimant (1) reported regularly to the local employment office and watched the local newspaper want ads; (2) told the local office he would accept any work he could do, but did not list any except that of "mining" [on the "Pre-Interview Report" form he filled out]; and (3) later testified before the appeals examiner that he was a well-driller, boiler maker and pipe fitter, and would work as a janitor or maintenance man, but failed to volunteer this information to the agency's

office in Wallace. The board then ruled, "Claimant herein did not do the normal things an unemployed person diligently seeking regular employment is expected to do"; and further ruled, as had the appeals examiner, that "claimant did not meet the eligibility requirements of the law with respect to availability and job search." The board thereupon affirmed the denial of benefits as of September 9, 1962, after stating, "It is within claimant's power to requalify for benefits by actively increasing his work research." Claimant then perfected this appeal.

Claimant's assignments of error raise the question of the insufficiency of the evidence to support the board's findings and its order denying benefits from and after September 9, 1962.

Claimant's counsel attacks the board's statement: "When involuntary restrictions, such as age, limit the employment potential of a benefit claimant, a greater burden rests upon him to seek employment." We agree with his analysis that no law in this State imposes a greater burden upon a person because of involuntary restrictions such as age, than upon a younger person, to seek employment; no such law has come to our attention. In order to be eligible for unemployment compensation benefits a claimant, regardless of age, must be (1) able to work; (2) available for suitable

work; and (3) seeking work. 1366(e); Johnson v. Employme[nt] Agency, 81 Idaho 560, 347 P.2d 7[ ] We deem the board's statement to be less error, inasmuch as the board wa[s] nizant of and correctly applied the law the evidence in arriving at its decision.

The record shows that claima[nt] made one inquiry for work—at the Bit[ ] firm in Wallace—during the initial pa[y] ment period, from June 29 to September [ ] inclusive. Claimant was under the con tinuing duty to inquire of prospective employers for work that he was capable of performing. If in fact claimant had been refused work because of his age, such would not excuse him from the requirement of ac tively seeking work. I.C. § 72–1366.

Neither does it avail claimant to contend, in his regular weekly reports to the agency's local office, that job leads were never offered to him. "One who makes no effort to secure work in his usual trade or occupation or any other suitable employment, other than reporting weekly to the office of the unemployment service division of the employment security department, is not 'actively seeking work'," Hermsen v. Employment Security Department, 39 Wash.2d 903, 904, 239 P.2d 863 (1952). "The unemployment compensation law does not contemplate that a job must seek out a man and coax him to work, but presup-

poses some effort on his part to secure work", Claim of Jackson, 68 Idaho 360, 363, 195 P.2d 344, 346, (1948).

But little weight can be given claimant's statement that in actively searching for work he checked the want ads of both local newspapers, and from time to time inquired of friends about work. Such limited activity in and of itself does not constitute sufficient active effort to secure work. Claim of Sapp, 75 Idaho 65, 266 P. 2d 1027 (1954); Claim of Squires, 281 App. Div. 725, 117 N.Y.S.2d 754 (1952); Boyer v. Board of Review of Unemployment Comp. Com'n, 4 N.J.Super. 143, 66 A.2d 543 (1949); 81 C.J.S. Social Security and Public Welfare § 203.

Claimant further contends that he actively searched for work by trips, from his home, to the State of Washington and to Canada—places somewhat removed from his home in Shoshone County. It is recognized that a claimant for unemployment compensation is not obligated to travel great distances from his home in order to satisfy the requirement of actively seeking work. I.C. § 72–1366(i); Johnson v. Employment Security Agency, 81 Idaho 560, 347 P.2d 764 (1959). However, claimant testified in effect that he did not want to leave his home in Shoshone County for work because "it wouldn't pay"; hence he cannot urge those trips as "seeking work".

The board further found that, while claimant told the employment office he would accept any work he could do, he did not list any occupation except "mining". The form of questionnaire, the "Pre-Interview Report", which he himself filled out September 17, 1962, contains among others the question, "What other kinds of work are you willing to accept and trying to find?" but he did not answer the question; also, he listed "Hecla, Wallace" as the only employer he had recently "been to see * * * about a job." In a second questionnaire, which he himself also filled out November 19, 1962, he made answer to the same question, "anything"; and this time he did not list any employers he had recently "been to see" about work. The board then found that while claimant later testified (the hearings before the examiner October 17, 1962, and the board March 18, 1963) that he was "a well-driller, boiler maker and pipe fitter, and would work as a janitor or maintenance man, * * * he had not volunteered this information to the local [employment] office." The board's finding thus is supported by the evidence.

Claimant cites Johnson v. Employment Security Agency, supra, as controlling in the case at bar, in that he contends that he made greater effort to obtain employment than did the claimant in the Johnson case, who was awarded unemployment compensation. Such argument again raises the ques-

**452**

tion whether the evidence is sufficient to sustain the board's findings and decision. After careful review of the evidence we conclude that it is sufficient. While claimant's ability to work at various employments, in addition to mining, was not questioned, the record fails to show what employers if any he may have interviewed concerning employment in the kinds of work he stated he could perform in addition to mining. In particular the record sets forth the names of only two employers that claimant contacted; Bitco was one, for a janitor job, and the other was his former employer, Hecla Mining Company. And in his own hand writing, in the two "Pre-Interview Reports", he failed to list any classification of work which he was qualified to perform, except mining, and listed only "Hecla", his former employer, that he had "been to see" about a job.

The board's finding to the effect that claimant did not meet the remaining two requirements of I.C. § 72–1366(e), i. e., that he was "available for suitable work, and seeking work", is supported by the evidence. No hard or fast rule definitive of elements of proof of those requirements of benefit eligibility "should be or perhaps could be adopted; it must depend, at least in part, upon the particular facts and circumstances as developed in each case."

Claim of Sapp, 75 Idaho 65, 266 P.2d 1027 (1954); Eytchison v. Employment Security Agency, 77 Idaho 448, 294 P.2d 593 (1956); Johnson v. Employment Security Agency, supra.

The burden is upon a claimant of unemployment compensation benefits to establish his eligibility for such benefits, whenever his claim therefor is questioned, I.C. § 72–1366; Ankrum v. Employment Security Agency, 83 Idaho 274, 361 P.2d 795 (1961).

The findings of fact of the Industrial Accident Board in a proceeding instituted under the Employment Security Law, when supported by substantial, competent evidence, will not be disturbed on appeal. Ankrum v. Employment Security Agency, supra; Ellis v. Employment Security Agency, 83 Idaho 95, 358 P.2d 396 (1961); Wolfgram v. Employment Security Agency, 77 Idaho 298, 291 P.2d 279 (1955); Blue Bell Co. v. Employment Security Agency, 75 Idaho 279, 270 P.2d 1054 (1954).

The order of the Industrial Accident Board is affirmed.

Costs to respondents.

KNUDSON, C. J., and McQUADE, McFADDEN and TAYLOR, JJ., concur.