Mattey Unemployment Compensation Case.

Mattey, Appellant, *v.* Unemployment Compensation Board of Review.

Argued October 5, 1948. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross, Arnold and Fine, JJ.

*James J. Ligi*, with him *Jenkins & Ligi*, for appellant.

*William L. Hammond*, Special Deputy Attorney General, with him *Richard H. Wagner* and *T. McKeen Chidsey*, Attorney General, for appellee.

*Franklin B. Gelder*, with him *J. H. Oliver*, for intervenor, appellee.

Opinion by Rhodes, P. J., January 14, 1949:

This appeal in an unemployment compensation case raises the question whether claimant, who was on vacation without pay, is entitled to benefits for that period. The facts are undisputed.

Claimant, prior to February 19, 1946, had been employed by the Stegmaier Brewing Company, Wilkes-Barre, Pennsylvania. He became unemployed after that date, and on March 11, 1947, he filed an application for unemployment compensation benefits, and received several weekly benefit payments during March and April of 1947. On April 18, 1947, he started his employment with the Glen Alden Coal Company, at its Nottingham

Colliery, where he worked up to and including June 26, 1947, when this colliery and all other anthracite coal operations ceased production for the customary annual industry wide vacation from June 27 to July 7, 1947, when operations were resumed. Claimant was a member of the United Mine Workers of America. Provision for this annual vacation period was incorporated in the collective bargaining agreement between the anthracite operators and the United Mine Workers of America, the collective bargaining agency for the employes in the coal industry. This agreement provided that an employe who had worked in twenty-four semi-monthly pay periods prior to the vacation period should receive $100 vacation pay; that an employe who had worked in six or more, but less than twenty-four semi-monthly pay periods should receive a pro rata share of this amount; that an employe who had worked less than six pay periods should receive no vacation pay for that year. The agreement fixed and determined the wages, working conditions and all other terms of claimant's employment, as well as the annual vacation period from June 27 to July 7, 1947. Claimant who had worked from April 18, 1947, to June 27, 1947, had only five semi-monthly pay periods with the Glen Alden Coal Company prior to the vacation, and consequently he received no pay during his 1947 vacation. He did not work during the vacation period, but resumed his duties with the Glen Alden Coal Company on July 7, 1947.

Claimant, on July 2, 1947, applied for benefits for the week ending July 3, 1947. The bureau allowed the claim for the vacation period; the referee rendered a decision affirming the bureau; on appeal the Unemployment Compensation Board of Review reversed the decision of the referee and disallowed the claim for unemployment compensation benefits. Claimant then appealed to this Court.

Claimant contends that under the undisputed facts he is entitled to benefits because he was, from June 27

to July 7, 1947, an unemployed worker in a covered employment. Claimant concedes that his so-called unemployment was the result of cessation of operations for ten days in accordance with the provisions of the agreement with the United Mine Workers of America. Claimant says that he is entitled to benefits because (1) he was unemployed within the meaning of section 4 (s) of the Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, as amended and relettered 4 (u) by the Act of May 29, 1945, P. L. 1145, § 1, 43 PS § 753; (2) that his unemployment was not due to voluntarily leaving work without good cause, under section 402 (b) of the Unemployment Compensation Law, as amended by the Act of May 29, 1945, P. L. 1145, § 9, 43 PS § 802 (the last amendment of June 30, 1947, P. L. 1186, § 2, is not involved); and (3) that he was able to work and available for suitable work, under section 401 of the Unemployment Compensation Law, as amended by the Act of May 29, 1945, P. L. 1145, § 8, 43 PS § 801.

It is true that during the vacation period claimant performed "no services," and with respect to which "no remuneration" was paid or payable to him. To that extent he was "unemployed." See section 4 (u), 43 PS § 753 (u). However, the relationship of employer and employe was not terminated, and there was no suspension of that relationship. Under the agreement between the employer and the United Mine Workers of America, of which claimant was a member, his employment was preserved to him. The vacation or the leave of absence which he enjoyed was by virtue of his agreement. The vacation provided by the agreement was a period of freedom from duty but not the end of employment; "vacation" implies continued service. *Dauber's Case*, 151 Pa. Superior Ct. 293, 296, 30 A. 2d 214. The agreement was negotiated on behalf of claimant and all the other members of the United Mine Workers of America, and it provided for the vacation period for all mine employes.

The effect of the agreement is the same as if claimant had himself requested time off for a vacation, or other personal reason, and it had been granted by his employer. Such mutuality does not create a state of unemployment under the statute, which entitles claimant to unemployment compensation benefits. The situation was created by claimant's duly selected bargaining agents; their acts were his acts; to the temporary cessation of work the employer and employe agreed. The circumstances afford no basis for the claim that he was unemployed within the meaning of the Unemployment Compensation Law. *Prentice Unemployment Compensation Case,* 161 Pa. Superior Ct. 630, 637, 56 A. 2d 295. See *Loerlein Unemployment Compensation Case (Duquesne Brewing Co. of Pittsburgh v. Unemployment Compensation Board of Review),* 162 Pa. Superior Ct. 216, 221, 56 A. 2d 269.

If we assume that claimant was "unemployed" within the provisions of section 4 (u) of the Act, he was nevertheless ineligible for benefits under section 402 (b) of the Act, which bars compensation for any week in which his unemployment is due to voluntarily leaving work without good cause. The fundamental social purpose of the Unemployment Compensation Law is to provide relief from the rigors of involuntary unemployment. Obviously, persons unemployed through their own fault are not within the intendment of the Act. *Dawkins Unemployment Compensation Case (Sun Shipbuilding & Dry Dock Co. v. Unemployment Compensation Board of Review),* 358 Pa. 224, 235, 56 A. 2d 254; *Barclay White Co. v. Unemployment Compensation Board of Review,* 356 Pa. 43, 48, 50 A. 2d 336; *Loerlein Unemployment Compensation Case (Duquesne Brewing Co. of Pittsburgh v. Unemployment Compensation Board of Review)* supra, 162 Pa. Superior Ct. 216, 220, 56 A. 2d 269. Claimant's unemployment, if any, was due to his own voluntary act. See *Phillips Unemployment Compensation Case,* 163 Pa. Superior Ct. 374, 377, 62 A. 2d 84. His

agreement with his employer, negotiated through his union, provided for a vacation without pay where prior service was not considered sufficient to warrant such payment. Hence, the stopping of work in this case was from choice. He was not "unemployed" "through no fault of his own." Although the employer consented to the vacation, the leaving or absence from work was entirely voluntary on the part of claimant, there being a total absence of compulsion. Cf. *Prentice Unemployment Compensation Case*, supra, 161 Pa. Superior Ct. 630, 639, 56 A. 2d 295.

We are also of the opinion that claimant, under the facts, would not be entitled to compensation benefits because he was not available for work within the meaning of section 401 of the Act. That section provides in part as follows: "Qualifications Required to Secure Compensation.—Compensation shall be payable to any employe who is or becomes unemployed, . . . and who — (b) Has registered for work . . . (d) Is able to work and available for suitable work; . . ."

We have said that, ordinarily, a claimant, an unemployed worker in a covered employment, is presumed to be entitled to benefits when he registers for work and files a claim; but such presumption is rebuttable. *Hassey Unemployment Compensation Case*, 162 Pa. Superior Ct. 14, 17, 56 A. 2d 400.

The test of availability requires claimant at all times to be ready, able, and willing to accept suitable employment, temporary or full time. Claimant had a regular position with the Glen Alden Coal Company to which he would return after ten days' vacation. His absence from work was voluntary, temporary, and in accordance with his agreement with his employer. It cannot be said that he was "actually and currently attached to the labor force" (*Shellhammer Unemployment Compensation Case*, 162 Pa. Superior Ct. 327, 328, 57 A. 2d 439), which is a basic purpose of the statutory requirements

Claimant's application for benefits and registration for work were not made until July 2, 1947, the sixth day of the vacation period, and at that time there were only four days remaining, two of which were the fourth of July, a legal holiday, and July 6th, which was Sunday. Claimant had known since the beginning of his employment in April that he could not work long enough to become eligible for the vacation pay under the agreement between his union and his employer; he also knew that the vacation would start June 27th. With only two working days remaining between July 2 and July 7, 1947, he was not actually available for work of any kind; and we think the registration for work, under the circumstances, was a mere formality. Claimant had not quit his job, and he had not been discharged. As he elected to continue his existing employment, he was not "available." Any presumption of availability was rebutted by the undisputed facts.

The purpose of the Unemployment Compensation Law has been set forth in the declaration of public policy in section 3 of the Act of December 5, 1936, P. L. (1937) 2897, 43 PS § 752, and reference has been made thereto in numerous decisions of the appellate courts. The unemployment compensation reserves established thereunder should be used for the payment of benefits to those who come within the objective of the Act. Payments must be made in accordance with its avowed purposes, and the Act must be given a realistic interpretation. The Act does not contemplate "a compensated vacation from work" (*Brilhart Unemployment Compensation Case (Department of Labor and Industry et al. v. Unemployment Compensation Board of Review)*, 159 Pa. Superior Ct. 567, 569, 49 A. 2d 260), nor should it become "an invitation to a compensated rest" (*Dawkins Unemployment Compensation Case (Sun Shipbuilding & Dry Dock Co. v. Unemployment Compensation Board of Review)* supra, 358 Pa. 224, 238, 56 A. 2d 254).

Decision is affirmed.