Bergan, J.
Under its contract with a labor union which .is the exclusive bargaining agency for all employees, the employer provided a vacation period with pay. The claimants had not been employed long enough to be entitled to this benefit. The union asked for a time for a general vacation which resulted in the closing of the plant.
The question on this appeal is whether the employees not paid for the vacation period under the contract are entitled to unemployment insurance benefits for a portion of the vacation period.
There are two main problems:
(1) Whether a request by a labor union which represents all employees that a plant be closed for vacation purposes is a voluntary request for such vacations by all employees.
(2) Whether in this case it has been found and, if so, whether the record would sustain the finding, that the union request was not for the closing of the plant, but merely for a vacation time for those entitled to the vacation with pay.
The request of the union for the vacation should be deemed the request of the individual claimants, all of whom are its members. If this was understood to close the plant or affect all employees, it must be deemed the request of the claimants. It was argued by the claimants’ attorney that there was no force or coercion used. The question is not this, but it is whether the union in requesting the vacation acted for the claimants. It seems to have been the previous holding of the appeal board that this was the effect and that election to take a vacation either individually or collectively constitutes “ withdrawal from the labor market ” for the period agreed upon.
This is harmonious with the language of the statute (Unemployment Insurance Law [Labor Law, art. 18], § 593) which provides a disqualification for benefits where an employee leaves employment voluntarily under circumstances showing a withdrawal “ temporary or permanent ” from the labor market. In the evaluation of this language by specialists, it seems to have been intended to cover a voluntary vacation.
Similar language having the same purpose has been construed this way in Pennsylvania where a union made an arrangement for vacation which in the claimant’s case was without *627 pay. (Mattey v. Unemployment Compensation Board of Review, 164 Pa. Superior Ct. 36.) There the theory of decision of the Superior Court was that claimant was not “ available ” for work. (Cf. Sun Shipbuilding & Dry Dock Co. v. Unemployment Compensation Board of Review, 358 Pa. 224.) This indeed, was the argument of the Industrial Commissioner before the appeal board as it appears in the record before us. It would seem, therefore, that if the request of the union was to close the plant or for a vacation for all employees, which is the same thing, that this was a voluntary temporary withdrawal by all from the labor market.
The next question is whether the record shows, and it was found, that the union request was not for the closing of the plant but merely for a time for a vacation only for those employees entitled to it with pay. The finding of the appeal board is that “ the employees ” wanted two consecutive weeks of vacation. The findings indicate the union was arguing for a closed plant, pointing out that if the plant were “ operated ” many employees would not be there.
There is no substantial evidence that the union suggested the plant be kept open for some employees, and the findings do not show any such distinction. Nothing in the record, assuming all the most favorable factual inferences for claimants, suggests any statement or purpose to segregate the claimants from the rest of the employees seeking the vacation and keep the plant open for them.
There was thus no distinction made in the union’s request for a vacation, between those entitled to pay for the period under the contract and those not so entitled.
It is consonant with the earlier view taken by the appeal board and with the position taken by the Industrial Commissioner before the appeal board in this case, to hold that the action of the union was a collective election binding on the claimants to take a vacation and thus a voluntary temporary withdrawal from the labor market within the scope of paragraph (a) of subdivision 1 of section -593 of the Unemployment Insurance Law.
The decision of the appeal board should be reversed and the claims dismissed, without costs.
Heeeerkak, Brewster and Coon, JJ., concur; Poster, P. J., taking no part.
Decision reversed on the law, and claims dismissed, without costs.