Commonwealth, Appellant, *v.* Gugliotta.

Argued March 12, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Glenn R. Toothman, Jr.,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY ERVIN, J., July 17, 1956:

On October 12, 1955, Martin Gugliotta was arrested on the charge of unlawfully operating a motor vehicle in the Borough of Waynesburg, Pennsylvania. He

waived a hearing before the burgess. The case thereupon was transferred to the Court of Quarter Sessions of Greene County and, after a hearing, the defendant was discharged. The petition of the Commonwealth for reargument having been refused by the court below, this appeal by the Commonwealth followed.

The facts, which are not in dispute, disclose that Gugliotta, the defendant, was operating a school bus containing approximately 60 pupils and an instructor and was proceeding west on High Street in the Borough of Waynesburg. He had followed a car operated by George Shultz from East Waynesburg to the stop light at High and Morgan Streets. After proceeding past the stop light, the defendant passed the car driven by Shultz in or near the intersection of High and Church Streets. In the opinion of the lower court it is stated: "The testimony shows that the paved portion of High Street is approximately thirty feet in width, and that parking is allowed on each side of said street, leaving two lanes open for traffic going east or west thereon. The alleged offense occurred on Columbus Day, at which time, the testimony shows, there was only one car parked between Church Street and Washington Street, this car being parked on the south side of said highway near the front of the Court house."

The information alleged a violation of subsection (c) of §1008 of "The Vehicle Code"[1] which reads as follows: "(c) The driver of a vehicle shall not overtake or pass any other vehicle, proceeding in the same direction, at any railway grade crossing, nor at any intersection of highways, unless such intersection or crossing is controlled by traffic signal, or unless permitted to do so by a watchman or peace officer, except,

---

[1] Act of May 1, 1929, P. L. 905, art. X, §1008(c), as amended, 75 PS §543(c).

on a highway having two (2) or more lanes for movement of traffic in one direction, the driver of a vehicle may overtake or pass another vehicle: . . . ."

The lower court, in discharging the defendant, relied on the exception contained in the above quoted section of the Vehicle Code providing that the driver of a vehicle may overtake or pass another vehicle on a highway having two or more lanes for movement of traffic in one direction stating: "Under the facts and circumstances of this case, there being no other cars on the street at that time at the point of passing, the same was not a violation of the Code."

The Commonwealth contends that a public highway with two lanes open for traffic, one lane for eastbound traffic and the other lane for westbound traffic, with another lane for parking on either side of said street or highway, cannot become a "highway having two (2) or more lanes for movement of traffic in one direction" within the meaning of the Vehicle Code merely because at a given time only one car is parked in one of the parking lanes. We agree with this contention.

The language of the section of the Vehicle Code here involved is clear, direct, unequivocal and unambiguous. And, as stated by the late Justice STEARNE in *Bonasi v. Haverford Township Board of Adjustment*, 382 Pa. 307, 310, 115 A. 2d 225: "It is a principle of statutory construction that in construing a legislative enactment the court must ascertain and give effect to the *legislative intention* as expressed in the language employed: Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §533, 551, 552." We hold that the legislature in adopting the provisions of the Vehicle Code here involved intended to permit overtaking and passing of one vehicle by another at an intersection only where there was a highway having two or more lanes,

*available at all times,* for movement of traffic in one direction.

Moreover, to hold that a highway which has but one lane for traffic moving in an easterly direction and another lane for traffic moving in a westerly direction can be converted into a highway with two lanes for movement of traffic in one direction merely because the space on each side of the highway, normally used for a parking lane, is temporarily unoccupied by parked automobiles would obviously create confusion and uncertainty in the practical application of the law and unduly hamper police officers in its enforcement. We will not sanction such a result. The Statutory Construction Act directs in §52(1), 46 PS §552: "That the Legislature does not intend a result that is absurd, impossible of execution or unreasonable;".

Order reversed and record remanded for entry of an order consistent with this opinion.

GUNTHER, J., dissents.