## Greek Unemployment Compensation Case. Kennametal, Inc., Appellant, v. Unemployment Compensation Board of Review.

Argued November 14, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Andrew C. VanGorder,* with him *Sherman T. Rock* and *Paul, Lawrence & Rock,* for appellant.

*Sydney Reuben,* Special Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, for appellee.

OPINION PER CURIAM, December 28, 1956:

This is an appeal from the decision of the Unemployment Compensation Board of Review awarding unemployment compensation to the claimant, Cecil E. Greek. The claimant was employed by Kennametal, Inc., appellant, from January 15, 1951 to August 9, 1955, at which time he was discharged for alleged misconduct and for interfering with another employe's production.

On October 16, 1955, claimant filed an application for benefits and on October 27, 1955, the Bureau issued a decision denying benefit for the weeks ending August 23, 30, September 6, 13, 20, 27 and October 4, 11, 1955 on the ground that claimant was discharged for willful misconduct in connection with his work under

section 402 (e) of the Unemployment Compensation Law, 43 P.S. 802 (e). On November 2, 1955, claimant appealed from the decision of the Bureau and a hearing was held on November 29, 1955. The referee filed his decision on January 11, 1956 in which he reversed the Bureau's action and allowed the claim for the periods indicated, holding that claimant's action did not constitute willful misconduct within the meaning of section 402 (e) of the law. Kennametal, Inc. appealed the decision of the referee and the Board remanded the case to the referee on February 23, 1956, for the purpose of taking further testimony. A second hearing was held on April 27, 1956, and, based upon the complete record, the Board affirmed the referee's decision on May 24, 1956.

Prior to the referee's second hearing, pursuant to the arbitration provisions of the collective bargaining agreement in effect between appellant and its employees, claimant's discharge was arbitrated and on January 1, 1956, the arbitrator made his award, providing that claimant be returned to his employment with full seniority rights and with pay from the date of the award but without pay from the date of the award back to the date of discharge. This period was adjudged a disciplinary layoff and not a final discharge. From the record, it is not apparent whether this factor was considered by the referee and the Board in arriving at the ultimate decision in this case. Furthermore, there was some testimony to the effect that appellant's plant was not operating from August 17, 1955 to November 2, 1955, due to a work stoppage arising from a labor dispute. No finding of fact was made on this phase of the case and the record does not indicate whether this was considered by the referee or the Board in reaching the decision here involved.

We have held that temporary layoffs of an employee afford no basis for the claim that he was unemployed within the meaning of the Unemployment Compensation Law. *Mattey v. Unemployment Compensation Board of Review,* 164 Pa. Superior Ct. 36, 63 A. 2d 429. Particularly is this so when a work stoppage intervenes between the time of layoff and the time of re-employment. *Fort Pitt Mfg. Co. v. Unemployment Compensation Board of Review,* 176 Pa. Superior Ct. 162, 106 A. 2d 672. We conclude, therefore, **that the Board** could not properly adjudicate claimant's right to compensation without adequate findings of fact and consideration as to whether the layoff was temporary or permanent, whether a work stoppage existed, the duration thereof and whether such work stoppage, if found to exist, resulted at least partially in the unemployment of the claimant.

The order of the Board is vacated and the record is remanded for further hearing and specific findings of fact as herein indicated and for disposition of claim based thereon.