Myers Unemployment Compensation Case.
American Insulator Corporation, Appellant, v.
Unemployment Compensation Board of Review.

Argued March 10, 1958. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT and GUNTHER, JJ., absent).

*John Y. Scott,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY WOODSIDE, J., June 11, 1958:

This is an appeal by the employer from a decision of the Board of Review granting unemployment compensation to Gordon D. Myers, for the second week of a vacation period.

The claimant's average weekly wage was $66.40. The employer's plant was closed for vacation from July 4 through July 17, 1955, during which time the claimant did not work. Under the collective bargaining agreement the claimant received $68.78 vacation pay.

Myers claimed unemployment compensation for both weeks of the vacation period. The Bureau of Employment Security denied compensation for the first week of the vacation period but allowed it for the second week. The referee and the board affirmed. The unemployment compensation officials allocated $66.40 (claimant's average weekly wage) of his $68.78 vacation pay to the first week and $2.38 to the second week. Under this allocation the claimant received an amount less than his weekly benefit rate plus six dollars for the second week of the shutdown, and was allowed his claim for that week. (Section 4(u) of the Unemployment Compensation Law as amended, 43 PS §753(u) provides: "An individual shall be deemed unemployed . . . with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus six dollars . . .")

We are here required to determine (1) whether the allocation of the claimant's vacation pay was properly

made by the unemployment compensation authorities or (2) whether the claimant's vacation pay should have been allocated equally to each of the two weeks of the vacation period or (3) whether the receipt of any vacation pay under the collective bargaining agreement, which provided for the length of the vacation and the sum to be received for it, rendered the claimant ineligible.

In *Mattey Unemployment Compensation Case*, 164 Pa. Superior Ct. 36, 63 A. 2d 429 (1949), this Court held that a claimant was not entitled to unemployment compensation during the vacation period provided for in a collective bargaining agreement even though he was not being paid.

By the Act of March 30, 1955, P. L. 6, the legislature amended the Unemployment Compensation Law by adding to section 4(u), supra, the following: "Notwithstanding any other provisions of this act, an employe who is unemployed during a plant shutdown for vacation purposes shall not be deemed ineligible for compensation merely by reason of the fact that he or his collective bargaining agents agreed to the vacation. No employe shall be deemed eligible for compensation during a plant shutdown for vacation who receives directly or indirectly any funds from the employer as vacation allowance."

The legislature thus expressed its intent to make claimants, if otherwise qualified, eligible for unemployment compensation during plant shutdowns for vacation periods for which they did not receive any funds from their employers, even though the employes may have agreed to the vacation without pay, either personally or through collective bargaining agreements. This, of course, changes the rule expressed in the *Mattey* case, supra.

It is not difficult to determine the legislative intent, but it is difficult to apply it to cases such as the one before us. The difficulty arises in determining the period for which the employe is compensated. The legislature recognized this difficulty and authorized the Department of Labor and Industry to make rules and regulations to determine when vacation pay shall be deemed remuneration under the terms of the law. See Section 4(u) of the Unemployment Compensation Law as amended, 43 PS §753(u). This provision we held to be constitutional in *Santus Unemployment Compensation Case,* 177 Pa. Superior Ct. 496, 499, 501, 110 A. 2d 874 (1955).

In compliance with the above statutory authority the Department of Labor and Industry through the Bureau of Employment Security promulgated Regulation 108 which in paragraph F provides as follows:

"F. Where it has been determined that a payment has been received by the claimant with respect to the particular period of inactivity in question, but such payment is not related to any number of days or weeks, the department shall determine the number of days or weeks to which such payment shall be allocated by dividing the total amount of such payment by the individual's regular full time daily or weekly wage."

The board in applying this provision held that the claimant should have his vacation pay allocated as indicated above. The appellant employer objects to this allocation on the ground that the vacation pay was allocated by collective bargaining agreement to the entire vacation period, and that under paragraphs A and C of Regulation 108, supra, the claimant should be denied compensation. These paragraphs provide:

"A. Where payments are received by an employe pursuant to an agreement which specifically makes such payments payable with respect to a particular day,

week, or other period, such agreement shall control.

"C. Where an employe is employed in an establishment covered by an agreement which provides for and establishes an annual vacation period, the beginning and ending dates of which are fixed in the agreement, and the employe is unemployed during such period for vacation purposes, an employe who is eligible for and receives vacation payments made during the calendar year shall be deemed to have received such vacation payments with respect to the vacation period fixed in such agreement."

In *Schuster Unemployment Compensation Case,* filed this day, we again emphasized that it was not the intent of the Unemployment Compensation Law to permit a claimant to recover both unemployment compensation and wages for a vacation period, and that any interpretation of a collective bargaining agreement, or the Bureau of Employment Security rules, which brings about that result is contrary to the intent of the Unemployment Compensation Law.

It is equally true that no collective bargaining agreement, or bureau rule, may defeat the intention of the legislature to grant unemployment compensation to one who does not receive wages during a plant shutdown for vacation if the claimant is otherwise eligible.

Here it is admitted by the appellant that the claimant's average weekly wage was $66.40, and that for the two weeks vacation period shutdown his payment from his employer was $68.78.

Although section 4(u) of the Law, supra, provides that an employe who receives *"any* funds from the employer as vacation allowance" shall not be eligible for compensation during such period, this provision must be given a reasonable interpretation (emphasis supplied). See Statutory Construction Act of May 28,

1937, P. L. 1019, §52, 46 PS §552; *Deskins v. West Brownsville Borough,* 388 Pa. 547, 550, 131 A. 2d 101 (1957); *Commonwealth v. Gugliotta,* 181 Pa. Superior Ct. 181, 185, 124 A. 2d 466 (1956). For example, if by collective bargaining agreement, or otherwise, an employer were to shut down his plant for three weeks and allow $15 vacation allowance for the entire period, it would be an unreasonable interpretation of legislative intent to hold that the employer was thus able to disqualify his employes from receiving compensation for all of the three weeks while his plant was shut down.

We believe that the Board was within the law in holding that the sum paid the claimant for vacation allowance should be allocated in the amount of his average weekly wage to the first week and the balance to the second week of the plant shut down. This entitles the claimant, if otherwise qualified, to unemployment compensation for the second week. As there is no other question concerning eligibility before us, the decision of the Board of Review is affirmed.