## Mississippi State Employment Security Commission *v.* Jackson.

No. 41317 January 11, 1960 116 So. 2d 830

*Gordon L. Smith,* Jackson, for appellant.

*Richard H. Carlisle,* Columbus, for appellees.

GILLESPIE, J.

For some years prior to 1957, Reliance Manufacturing Company, hereinafter called Company, closed its plant for a period of one week about July 4 and one week during or immediately following Christmas for the purpose of taking inventory. When the Company and the Union were negotiating its labor contract, the Company sought to have an agreement that vacations should coinside with the closing of the plant for inventory. When the union contract was entered into by the Company and the Union, representing the employees of the Company for the year 1957, the contract provided that all employees having a certain minimum service with the Company would be entitled to one week's vacation with pay to be taken between June 1 and September 30, in accordance with operation requirements of the Company. The contract also provided that all employees having three years' continuous employment with the Company would be entitled to an additional week's vacation with pay to be taken during Christmas week. On December 13, 1957, the Company closed the plant and announced it would be closed until January 6, 1958, or

for a period of three weeks, which, of course, included Christmas week of 1957. While the Company ordinarily closed only one week for inventory, the plant was closed on December 13 in order to reduce inventory. Fifty-seven of the Company's employees, who are the appellees here, or about half of the production employee, were not entitled to vacation with pay during Christmas week because they had not been employed for a sufficient length of time. These 57 employees filed claims for unemployment benefits with the Mississippi State Employment Security Commission, hereinafter called Commission, for the three week period beginning December 13, 1957. The claims examiner disallowed the claims for the second week of the three week period. The claims were allowed for the first and third weeks of the shutdown. The basis of the denial of the claims of appellees for benefits for Christmas week was that the employees were not involuntarily unemployed and were not available for work within the meaning of the statute.

On successive appeals, the referee and the Board of Review of the Mississippi Employment Security Commission denied the claims. On appeal to the circuit court, the order of the Board of Review was reversed and the claims of appellees were allowed. The Commission appeals to this Court from the order of the circuit court.

The proof was sufficient to justify a finding by the Board of Review that it was impractical to operate the plant during Christmas week in the absence of those employees entitled under the union contract to that week's vacation with pay, and that it was the general understanding that the plant would be closed during Christmas week.

The question for our decision involves the right to unemployment compensation for a period when the plant was shut down for vacations in accordance with the union contract.

In order to be entitled to unemployment compensation benefits under the statutes, an employee must

be involuntarily unemployed and must be available for work, and it follows that if the employees are voluntarily unemployed and were not available for work within the meaning of the statute, the Commission was justified in denying unemployment benefits.

The courts of Mississippi have not passed on this question. The case of Moen v. Director of Division of Unemployment Security, 85 N. E. 2d 779, 8 A. L. R. 2d 429, is directly in point. In that case the union contract was silent as to the status of those employees not entitled to vacation with pay while the plant was shut down for vacations of those employees entitled to paid vacations, and the union contract permitted the company to designate any period of temporary shutdown as the vacation period. The Court held that those employees who were not entitled to vacation with pay were on vacation without pay. The basis of the decision denying benefits to those employees who were not entitled to vacations with pay was that such employees were voluntarily unemployed. Other similar holding are Mattey v. Unemployment Compensation Board of Review, 164 Pa. Super. 36, 63 A. 2d 429; Re Buffelen Lumber & Mfg. Co. (Wash.), 201 P. 2d 194; Jackson v. Minneapolis-Honeywell Regulator Co., 234 Minn. 52, 47 N. W. 2d 449; Re Rakowski, 276 App. Div. 625, 97 N. Y. S. 2d 309; Naylor v. Shuron Optical Company, 281 App. Div. 721, 117 N. Y. S. 2d 775; In Re Graziadei's Claim, 142 N. Y. S. 2d 380; General Electric Co. v. Unemployment Compensation Board of Review, 177 Pa. Super. 49, 110 A. 2d 258; Philco Corp. v. Unemployment Compensation Board of Review, 175 Pa. Super. 402, 105 A. 2d 176; Glover v. Simmons Co., 17 N. J. 313, 111 A. 2d 404.

While there are cases holding to the contrary, most of those cases are distinguishable. In Golubski v. Unemployment Compensation Board of Review, 164 Pa. Super. 36, 63 A. 2d 429, 30 A. L. R. 2d 362, the union

contract specifically provided that during the vacation shutdown those employees not entitled to vacations with pay would be in a lay-off status. *Golubski,* on which appellees rely in the present case, was limited by the Pennsylvania Court in the later case of Philco Corporation v. Unemployment Compensation Board of Review, supra.

 ██ The shutdown for Christmas week was in accordance with the union contract and the union represented all of the appellees. It cannot be said that appellees were unemployed within the meaning and purpose of the statute. They were not laid off; their employment had not been terminated, and the relationship of employer and employee continued during the week the plant was closed for the purposes stated. It is true that the proof showed appellees were willing to work during the vacation week if they could have obtained employment. But this does not mean that their absence from their regular employment during Christmas week was other than voluntary. Our view of the case is in accord with the weight of authority.

Accordingly, the judgment of the circuit court is reversed and the order of the Commission denying unemployment compensation benefits to appellees is reinstated.

Reversed and rendered.

*Roberds, P. J.,* and *Kyle, Arrington* and *Ethridge, JJ.,* concur.