**William L. REDMON, Appellant,**

v.

**Russell McDANIEL, Chief, Jefferson County Police Department, et al., Appellees.**

Supreme Court of Kentucky.

Sept. 17, 1976.

Richard J. Frockt, Louisville, for appellant.

Eugene L. Mosley, Louisville, for appellees.

PER CURIAM.

William L. Redmon contests the validity of his resignation as a member of the Jef-

ferson County Police Force, asserting that he was denied due process. The Jefferson Circuit Court, Chancery Branch, Fifth Division, entered a summary judgment dismissing his complaint. He appeals and again questions the procedure by which his resignation was obtained. He claims that the tactics of Chief Russell McDaniel were so calculated that he was deprived of due process rights.

William L. Redmon and Bill Blair, not a party to this proceeding, were members of the Jefferson County Police Force. On the night of August 15, 1974, Redmon and Blair visited a tavern in the west end of Louisville known as "Mr. D's Inferno" where they became the instigators of a rather substantial disturbance. Police Chief McDaniel testified that a Mr. Dooley, owner of the tavern, complained to him on the morning of August 16 regarding the misconduct of Redmon and Blair: that they had in some way attempted to kill Dooley, and that Blair had his pistol drawn while in the tavern. Redmon went and got the car and pulled it around in front, and as Blair got into the car he shot into the front of the tavern, causing utter confusion among the remaining patrons and breaking a plateglass window.

Following the Dooley complaint, McDaniel confronted Redmon and Blair separately regarding their conduct on the prior night. Both of them admitted their participation in the brawl and Redmon admitted to McDaniel personally that the story told by Dooley was exactly what happened and also that he, Redmon, was a participant in the disturbance. McDaniel testified that Redmon indicated that it was his desire to remain in the area of police work, and for this reason he allowed Redmon to resign. McDaniel indicated that he had already determined that Redmon would be terminated if he should refuse to resign. Redmon immediately prepared and executed a formal resignation which he submitted to McDaniel on that date. The resignation stated that it was to become effective on September 15, 1974. On August 29, 1974, Redmon attempted to withdraw his resignation.

Redmon asserts upon this appeal that he was not afforded administrative and procedural due process in that his resignation of August 16 deprived him of a due process hearing before the Jefferson County Police Merit Board as required by KRS 78.445 and KRS 78.455. The hearing requested by Redmon presupposes the invalidity of his resignation which he now claims to have executed under duress. The resolution of Redmon's appeal requires an answer to two basic inquiries: First, was the resignation the result of duress, and, second, could it be withdrawn at any time prior to the effective date?

On the first issue it is true that KRS 78.445 and 78.455 provide guidelines for the protection of police officers. However, they do not become effective barriers to an asserted unwarranted termination until such time as formal written charges have been preferred against the officer and served upon him. The jurisdiction of the Police Merit Board is also conditioned upon the filing of formal written charges. In this case the prevailing question is the voluntariness of the resignation for if, in fact, there is a good resignation then the safeguards contained in the statutes and the Merit Board rules and regulations do not become a factor in this proceeding.

While it is true that Chief McDaniel had determined that Redmon's misconduct required either a resignation or a termination of his services as a member of the county police force, an involuntary termination would require the filing of formal charges and a hearing before the Merit Board. However, a voluntary resignation is just as much a waiver of Redmon's statutory right to a hearing as is the waiver of a jury trial by an accused. It becomes clearly apparent from the testimony of Chief McDaniel, which is undenied, that the chief exercised no duress upon Redmon in obtaining his resignation, particularly in view of the fact that the alternative—termination of employment—was within the scope of McDaniel's authority.

The general rule regarding duress under such circumstances is to the effect that it is not duress to threaten to do what one has a legal right to do, nor is it duress to threaten to take any measure authorized by law and the circumstances of the case. 25 Am.Jur.2d, Duress and Undue Influence, Section 18; *Bluestone v. Jones,* Sup., 233 N.Y.S.2d 146 (1962).

In *Pleuss v. City of Seattle,* 8 Wash.App. 133, 504 P.2d 1194 (1972), a claim of duress in the obtention of a resignation was disposed of as follows:

"* * * a mere threat to exercise a legal right made in good faith is neither duress nor coercion in law. A threat may be said to be made in good faith if made in the honest belief that valid grounds exist to justify the action threatened." Cf. *Beatty v. United States,* 168 F.Supp. 204, 144 Ct.Cl. 203 (1958).

Redmon cites as authority in support of his position *Board of Education of Wolfe County v. Rose,* 285 Ky. 217, 147 S.W.2d 83 (1940). We do not deem that portion of the opinion concerning duress in the obtention of a resignation to be controlling in this proceeding. The Board of Education case was one of those all-too-usual controversies between factions of a Board of Education and a school superintendent. In pending litigation the trial court had before it the question of whether certain members of the board had been duly elected. The decision of the trial court would have, in effect, determined whether the superintendent would be discharged. The dissident faction, as a double safety, filed charges against the superintendent and proceeded to have them set for a hearing. The superintendent, to escape, as he said, the embarrassment of the situation thereupon tendered his resignation. There is some indication that he resigned even though he knew that the charges against him were groundless, false, and were being used merely as a lever to force him out of office. We do not have an analogous situation in the Redmon case, for here of his own personal knowledge, Redmon knew that the charged misconduct was an established fact and had confessed that he participated in the disturbance which resulted in the suggestion that he resign.

Redmon's final claim that he had a right to withdraw his resignation before its effective date is without merit. The chief, in writing to counsel for Redmon, stated that the resignation had already been processed and was even then before the Police Merit Board for final action. Redmon would have this court conclude that there had been no acceptance until action could be taken by the Merit Board. While Redmon has not hesitated to cite throughout this proceeding rules and regulations of the Merit Board, he should have taken notice of Rule V which requires that the chief make an immediate written report to the Board concerning all vacancies within his jurisdiction, whether through resignation, discharge, or other cause. The resignation itself, after its acceptance by McDaniel, was nothing other than the written notice required by the rules. There is no escape from the fact that the resignation was accepted on August 16, 1974, when it was tendered to and accepted by the chief of county police.

In *Board of Education of Wolfe County v. Rose,* supra, the question was resolved in the following language:

"There is some conflict of authority as to whether the resignation of an officer effective at a future date may be withdrawn prior to the effective date after the resignation has been accepted. * * In our jurisdiction, however, it is held that such a resignation may not be withdrawn after its acceptance. * * *."

It is, therefore, an established fact that Redmon's resignation had been accepted, could not be withdrawn, and as a consequence he had waived all claim to the right of a hearing before the Police Merit Board.

The judgment is affirmed.

All concur.