784 So.2d 996 (2001)
Cassandra M. BLACKWELL, Appellant,
v.
The MISSISSIPPI BOARD OF ANIMAL HEALTH, Appellee.
No. 2000-SA-00012-COA.
Court of Appeals of Mississippi.
May 8, 2001.
*997 William Larry Latham, G. Todd Burwell, Jackson, Attorneys for Appellant.
Office of the Attorney General by Robert W. Graves, Avery Mounger Lee, Attorneys for Appellee.
BEFORE SOUTHWICK, P.J., LEE, and THOMAS, JJ.
THOMAS, J., for the Court:
¶ 1. Cassandra M. Blackwell appeals an order of the Circuit Court of Hinds County, Mississippi reversing a decision by the Mississippi Employee Appeals Board. Aggrieved, Blackwell perfected this appeal, raising the following issues as error:
I. WHETHER CIRCUIT COURT ERRED IN OVERTURNING THE EMPLOYEE APPEALS BOARD'S FINDING THAT THE BOARD OF ANIMAL HEALTH ACTED ARBITRARILY AND CAPRICIOUSLY IN DENYING BLACKWELL'S REQUEST TO WITHDRAW HER RESIGNATION?
II. WHETHER THE CIRCUIT COURT ERRED IN OVERTURNING THE HEARING OFFICER'S DECISION TO ADMIT INTO EVIDENCE THE 1998 LEGISLATIVE PEER REPORT ON THE BOARD OF ANIMAL HEALTH AND TESTIMONY BY BLACKWELL CONCERNING THAT REPORT?
III. WHETHER BLACKWELL WAS HARASSED AND THEN DENIED CONTINUED EMPLOYMENT IN VIOLATION OF MISS.CODE ANN. § 25-9-173 (Rev.1991)?
IV. WHETHER THE CIRCUIT COURT ERRED IN FINDING THAT IT IS IMPOSSIBLE FOR THE AGENCY TO REINSTATE BLACKWELL TO HER FORMER *998 POSITION OR THE EQUIVALENT?
¶ 2. We hold that the circuit court's decision should be affirmed.

FACTS
¶ 3. Blackwell was employed by the Board of Animal Health (BAH) as a Bacteriologist III. On September 3, 1997, Blackwell submitted her resignation in writing to Dr. Frank Y. Rogers. Blackwell's letter of resignation simply stated, "Effective April 1, 1998, I hearby resign my position as Bacteriologist III at the Mississippi Board of Animal Health Veterinary Diagnostic Laboratory." Dr. Rogers was employed by the BAH as the state veterinarian and director of the veterinary diagnostic laboratory, and as such was an agent of the BAH from 1990 until June 30, 1998. The BAH accepted her resignation in writing on October 7, 1997.
¶ 4. On March 18, 1998, Blackwell sent a letter to Dr. Rogers requesting that her letter of resignation be withdrawn. Dr. Rogers had the authority to accept or reject Blackwell's request to rescind her resignation, but told Blackwell that he would have to check on the ongoing application process and that he would get back to her in three days. Dr. Rogers checked with the personnel board and found that fifteen people had submitted an application for the position. The day after Blackwell attempted to withdraw her resignation, Dr. Rogers gave her a letter stating that the BAH would not allow her to withdraw her resignation. Blackwell was never dismissed or subjected to disciplinary action by the BAH. Blackwell's last day of work was March 31, 1998. Blackwell filed her notice of appeal with the Mississippi Employee Appeals Board (EAB) on April 3, 1998.
¶ 5. On October 1, 1998, a hearing was held before the Honorable Roosevelt Daniels, II, hearing officer of the EAB. In Daniels' opinion and order of November 3, 1998, he stated that the issue in this case was whether the employee could withdraw her resignation after her resignation has already been accepted by the BAH. Daniels found that the BAH was arbitrary and capricious in denying Blackwell the right to withdraw her resignation, and he ordered her to be reinstated with back pay. The full board of the EAB affirmed Daniels' findings. The BAH petitioned the circuit court of Hinds County for a writ of certiorari to review this matter. The circuit court found that the employee had no right to withdraw her accepted resignation. The circuit court reversed the order of the full board of the EAB and rendered judgment for the BAH. It is from this reversal that Blackwell now appeals.

STANDARD OF REVIEW
¶ 6. This Court's standard of review of an administrative agency's findings and decisions is well established. An agency's conclusions must remain undisturbed unless the agency's order 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one's constitutional rights. A decision by an administrative agency is arbitrary and capricious only where it is unsupported by any evidence. Hall v. Board. of Trustees of State Institutions of Higher Learning, 712 So.2d 312 (¶ 21) (Miss.1998). A rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise. United Cement Co. v. Safe Air for the Environ., 558 So.2d 840, 842 (Miss.1990). Lastly, this Court must not reweigh the facts of the case or insert its judgment for that of the agency. Miss. Public Serv. Comm'n v. Merchants Truck Line, Inc., 598 So.2d 778, 782 (Miss.1992).
*999 ¶ 7. This Court uses a de novo standard of review when passing on questions of law. Ellis v. Anderson Tully Co., 727 So.2d 716 (¶ 14) (Miss.1998). Generally, an administrative agency is accorded deference, but when the agency has misapprehended a controlling legal principle, no deference is due, and our review is de novo. ABC Manufacturing Corp. v. Doyle, 749 So.2d 43 (¶ 10) (Miss.1999). We are aware of our duty of deference to agency interpretation and practice in areas of administration by law committed to their responsibility. Nevertheless, agency fact finding and legal interpretation is subject to judicial review and where, as here, the conclusions reached by the EAB are contrary to law, this deference must give way. Young v. Miss. State Tax Comm'n, 635 So.2d 869, 870 (Miss.1994). In a case where an administrative agency errs as a matter of law, courts of competent jurisdiction should not hesitate to intervene. Grant Ctr. Hosp. of Miss., Inc. v. Health Group of Jackson, Miss., Inc., 528 So.2d 804, 808 (Miss.1988).

ANALYSIS

I.

WHETHER CIRCUIT COURT ERRED IN OVERTURNING THE EMPLOYEE APPEALS BOARD'S FINDING THAT THE BOARD OF ANIMAL HEALTH ACTED ARBITRARILY AND CAPRICIOUSLY IN DENYING BLACKWELL'S REQUEST TO WITHDRAW HER RESIGNATION?
¶ 8. The EAB held that the BAH acted in an arbitrary and capricious manner by denying Blackwell the right to withdraw her resignation. The circuit court reversed this finding and held that a government employee may not withdraw his/her resignation from his job before the effective date if the resignation has already been accepted by the employing agency. The circuit court stated that once Blackwell's resignation had been accepted by the agency, she had no right to withdraw it, even with the agency's consent. BAH argues that even if the agency may have been arbitrary and capricious in denying the attempted withdrawal, this would not change the outcome, since the attempted withdrawal had no legal effect.
¶ 9. The circuit court found the issue before the court of whether a state employee may withdraw his job resignation after the resignation has already been accepted by the agency to be an issue of first impression in the state of Mississippi. To address this issue the circuit court looked to the law from surrounding jurisdictions and an opinion from the Mississippi Attorney General's Office. In a case similar to the case at bar, the Mississippi Attorney General's opinion stated that the resignation could not be withdrawn. The Miss. Atty. Gen.'s Opinion, 1981, states as follows:
While there is authority to the contrary, see, e.g., Poland v. Glover, 111 F.Supp. 675, 676 (W.D.N.Y.1953); State ex rel. Ryan v. Murphy, 30 Nev. 409, 97 P. 391 (1908); 67 C.J.S. Officers § 104, at 451 (1978), the more persuasive authorities follow the rule that a public officer or employee may unilaterally withdraw a prospective resignation at any time prior to its acceptance. See, e.g., Haine v. Googe, 248 F.Supp. 349, 351 (S.D.N.Y. 1965); Fitzpatrick v. Welch, 96 Idaho 280, 6d, 527 P.2d 313, 314-15 (1974); Redmon v. McDaniel, 540 S.W.2d 870, 872 (Ky.1976); Rogers v. Carleton, 188 Okla. 470, 110 P.2d 908 (1941); see Edwards v. United States, 103 U.S. 471, 26 L.Ed. 314 (1880); Armistead v. State Personnel Board, 22 Cal.3d 198, 149 Cal. Rptr. 1, 583 P.2d 744, 748 (1978) (holding *1000 that "unless valid enactments provide otherwise, an employee is entitled to withdraw a resignation if she or he does so (1) before its effective date, (2) before it has been accepted, and (3) before the appointing power acts in reliance on the resignation."). See generally 53 Am.Jur.2d Master and Servant, § 34, at 111 (1970) (contract of employment "is terminated where the employee tenders his resignation and the proffer is accepted by the employer."); 63 Am. Jur.2d Public Officers and Employees § 166, at 730-31 (1972); Annot., Public Officer's Withdrawal of Resignation Made to Be Effective at Future Date, 82 A.L.R.2d 750 (1962); 56 C.J.S. Master and Servant § 33, at 419 (1948) ("a contract of employment may be terminated by agreement of the parties....").
On the basis of these authorities, it is the opinion of the Attorney General of the State of Mississippi that the Pharmacy Board employee described in your opinion request may not unilaterally withdraw his prospective resignation of employment which has already been accepted.
An attorney general's opinion is entitled to careful consideration and regarded as persuasive; however, the opinion in not binding upon the court considering the same question of law. State ex rel. Holmes v. Griffin, 667 So.2d 1319, 1326 (Miss.1995). A number of jurisdictions have held that a government employee may not withdraw an accepted resignation. Competello v. Jones, 267 F.2d 689 (D.C.Cir.1959); Ulrich v. Board of Comm'ns, [278 Md. 432,] 365 A.2d 43 (Md.1976). Another court has held that once a county employee's resignation has been accepted, any attempt on his part to withdraw it later has no legal effect. Haberer v. Woodbury, 560 N.W.2d 571 (Iowa 1997).
¶ 10. Blackwell argues that the instant case is distinguishable from the cases cited above because acting through its agent, Dr. Rogers, BAH did have the ability to accept her request to withdraw her resignation. Blackwell claims that the BAH had no policy that all employee resignations were final upon acceptance. Blackwell's main argument is that other employees of the BAH had been allowed to withdraw their resignations after acceptance and continue their employment. Blackwell states that this practice of lenience gave rise to a duty of good faith and fair dealings between the BAH and its employees. However, Blackwell failed to put forth any substantial evidence to support a practice by the BAH of allowing employees to withdraw their resignation. The fact is that a single witness, A.C. Jones, testified to only one incident when a resignation was rescinded, and Jones failed to know of any details surrounding this particular incidence. Jones had been employed with the BAH for five years. One unproved incident in five years is far from adequate evidence to support a finding that BAH was arbitrary in refusing Blackwell to withdraw her resignation. We hold, therefore, that Blackwell's claim is without merit.

II.

WHETHER THE CIRCUIT COURT ERRED IN OVERTURNING THE HEARING OFFICER'S DECISION TO ADMIT INTO EVIDENCE THE 1998 LEGISLATIVE PEER REPORT ON THE BOARD OF ANIMAL HEALTH AND TESTIMONY BY BLACKWELL CONCERNING THAT REPORT?
¶ 11. Blackwell argues that the EAB was correct in admitting the 1998 Legislative PEER Report and the testimony regarding this report into evidence. *1001 The BAH states that the circuit court was correct in deeming the PEER Report evidence inadmissible. The BAH states that the EAB does not have jurisdiction over these types of claims based on Miss.Code Ann. § 25-9-177 (Rev.1999). The act provides as follows:
Actions to recover civil fines and other remedies provided for under § 25-9-175 may be instituted in the Circuit Court for the First Judicial District of Hinds County or in the circuit court of the public employees' residence. In such actions, the public employee shall prove by a preponderance of the evidence that, but for his providing information or testimony to a state investigative body prior to occurrence of the dismissal or any adverse action, his dismissal or any adverse action taken against him would not have occurred. Remedies provided for herein shall be supplemental to any other remedies, judicial or administrative, provided for under law. Any administrative remedies provided for state-service employees under § 25-9-127 through § 25-9-131, Mississippi Code of 1972, or any remedies under a grievance or appeal process of the employing governmental entity relating to suspension or termination of employment or adverse personnel action, shall not be exhausted or diminished as a result of any action taken by the employee under § 25-9-175 and § 25-9-177, and the employee shall be required to exhaust such remedies prior to instituting an action authorized under § 25-9-175 and § 25-9-177.
¶ 12. In 1997 and 1998 the BAH was investigated by the PEER Committee, and a report was issued by the Committee. A report was issued by the committee on May 12, 1998, which was highly critical of the BAH. The PEER report verified several cases in which serious laboratory errors had occurred. Further review revealed that the lab had not established the systems needed to ensure proper testing and to check the accuracy of its results, particularly in the facility's chemistry and microbiology laboratories. The PEER report found that this lack of quality assurance controls had compromised the BAH's ability to address the state's animal health interests.
¶ 13. In the hearing before the EAB, the hearing officer admitted into evidence the PEER report over the objection of the BAH's attorney. In its opinion and order the circuit court explained that before the EAB hearings the rules of evidence are relaxed. EAB Administrative Rules, 16(A). However, the circuit court was of the opinion, based on Miss. Rules of Evid. 401, that the PEER report had no probative value with regard to the issue of misrepresentation, which was the complaint filed in Blackwell's notice of appeal. We agree. Therefore, this assignment of error is without merit.

III.

WHETHER BLACKWELL WAS HARASSED AND THEN DENIED CONTINUED EMPLOYMENT IN VIOLATION OF MISS.CODE ANN. § 25-9-173 (Rev.1999)?
¶ 14. Blackwell asserts that the BAH denied her continued employment and harassed her in violation of Miss. Code Ann. § 25-9-173(1) (Rev.1999) which states:
No agency shall dismiss or otherwise adversely affect the compensation or employment status of any public employee because the public employee testified or provided information to a state investigative body whether or not the testimony or information is provided under oath.
*1002 However, Blackwell raises this issue for the first time upon appeal. "This Court simply refuses to review any allegation of error which is unsupported by the record." Douglas v. Blackmon, 759 So.2d 1217 (¶ 9) (Miss.2000) (quoting Vinson v. Johnson, 493 So.2d 947, 950 (Miss.1986)). An employee complaining of a grievable action must file a notice of appeal with the EAB within 15 days after such action occurs. EAB Administrative Rules, 4(B). Blackwell tendered her resignation on September 3, 1997 and made no mention of any grievances. Also, Blackwell did not file her notice of appeal until April 3, 1998, seven months later. In addition, Blackwell did not allege constructive discharge as a ground for recovery in her notice of appeal. We find this issue to be procedurally barred since it was raised for the first time in this appeal even though Blackwell had ample opportunity to raise the issue while the matter was pending before EAB and the circuit court. Because Blackwell failed to pursue this issue before the EAB and circuit court, "we find it inappropriate to permit them to be raised for the first time on appeal." Byram 3 Dev., Inc. v. Hinds County Bd. of Supervisors, 760 So.2d 841 (¶ 8) (Miss.Ct.App.2000) (citing Fondren North Renaissance v. Mayor of City of Jackson, 749 So.2d 974 (¶¶ 19-20) (Miss. 1999)).

IV.

WHETHER THE CIRCUIT COURT ERRED IN FINDING THAT IT IS IMPOSSIBLE FOR THE AGENCY TO REINSTATE BLACKWELL TO HER FORMER POSITION OR THE EQUIVALENT?
¶ 15. The final argument by Blackwell is that the circuit court was incorrect in finding that the BAH cannot reinstate Blackwell to her former position. The position has not been filled; however, the problem is that the BAH was reorganized by the legislature on July 1, 1998. In this reorganization process, Blackwell's old position was transferred to the Veterinary Diagnostic Lab, which is now a new agency. The only positions in existence at the BAH since the reorganization are those for field personnel who take blood samples from and vaccinate, cattle, horses, and poultry. Bacteriologist or other laboratory positions no longer exist at the BAH since the reorganization.
¶ 16. The circuit court found that based on the reorganization it was impossible for the EAB to reinstate Blackwell to her former position or the equivalent. Based on the record, Blackwell made no attempt to reapply for a position with the BAH or the newly developed Veterinary Diagnostic Laboratory.
¶ 17. We need not address the propriety of the circuit court's opinion on this issue in as much as the other issues we have addressed render this issue moot.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, LEE, IRVING, MYERS and CHANDLER, JJ., CONCUR.