KING, C.J.,
for the Court.
¶ 1. George Henry appeals, pro se, from the denial of unemployment benefits and asserts the following assignment of error, which we quote verbatim:
I. The circuit court failed to implement a ruling based on the law as render [sic] by the supreme court of the state of Mississippi (South Central Bell v. MESC, 357 So.2d 312, 1978) held that employees who elect to take the leave of absence option are not unemployed within the meaning of the law. The employer can not be arbitrary and must be clear and straight forth [sic] with the employee.
*740 STATEMENT OF FACTS
¶2. George Henry has been employed by the City of Greenville as a fire fighter since May 7, 1987. Due to a job related knee injury he has not worked since February 17, 2003. Henry exhausted all of his paid leave, and was on a medical leave of absence under the Family Medical Leave Act until June 27, 2003. Henry still receives life and health insurance benefits from the City of Greenville. He has also filed for retirement benefits through PERS, and is awaiting their response.
¶3. On April 27, 2003, Henry filed for unemployment benefits under the Mississippi Employment Security Law. On May 8, 2003, the claims examiner disallowed the claim, finding that Henry was on an approved medical leave of absence and was not separated from his employment. Henry filed a notice of appeal, and after a telephonic hearing before the referee on May 27, 2003, the decision of the claims examiner was affirmed. Henry appealed the decision to the Board of Review and on July 10, 2003, the Board affirmed the decision of the referee.
ISSUES AND ANALYSIS
I.
The circuit court failed to implement a ruling based on the law as render [sic] by the supreme court of the state of Mississippi (South Central Bell v. MESC, 357 So.2d 312, (1978)) held that employees who elect to take the leave of absence option are not unemployed within the meaning of the law. The employer can not be arbitrary and must be clear and straight forth [sic] with the employee.
¶ 4. Henry argues that under the holding of South Central Bell v. MESC, 357 So.2d 312 (Miss.1978), he was placed on involuntary medical leave, and was thus entitled to unemployment compensation. Henry appears to have misread the South Central Bell decision. Additionally, Henry’s claim of involuntary medical leave is not consistent with the record presented to this Court.
¶ 5. The transcript of the May 27, 2003, hearing indicates that Paula Tierce, the head of Human Resources, testified that Henry presented her with a medical excuse and requested to be placed on medical leave. There is no indiction that Henry contradicted this statement. Tierce also stated that Henry’s job was waiting for him, and that he only needed to present medical certification that he was able to return to work.
¶ 6. Unemployment compensation is intended to assist those individuals who involuntarily lose employment through no fault of their own, and who are ready, willing and available to return to work. The claimant bears the burden to proving (1) good cause for leaving work, and (2) that he is willing and able to return to work. Miss.Code Ann. § 71-5-511(c) (Rev.2000). Henry failed to meet that burden of proof. Henry had provided the City with a medical excuse indicating his inability to work and had testified that because of that inability to work he had requested disability retirement and was awaiting a ruling on that request. Though Henry is not required to produce medical documentation that he was able to work, he still must show that he was ready, willing, and able to work. Mickle v. Miss. Emp. Sec. Comm’n, 765 So.2d 1259, 1263 (¶ 12) (Miss.2000). Here he has produced just the opposite evidence — a medical excuse showing his inability to work.
¶ 7. In considering a denial of unemployment benefits, this Court adheres to the following standard of review, “[a]n agency’s conclusions must remain undis *741 turbed unless the agency’s order 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one’s constitutional rights. A decision by an administrative agency is arbitrary and capricious only where it is unsupported by any evidence.” Blackwell v. Mississippi Bd. of Animal Health, 784 So.2d 996, 998(¶ 6) (Miss.Ct.App.2001). This Court will not reweigh the facts of the case, or substitute its judgment for that of the agency unless questions of law are raised which are reviewed de novo. Id. The challenging party has the burden to overcome the rebuttable presumption in favor of the agency. Id. Given the evidence, the denial of unemployment compensation to Henry was proper.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY DENYING UNEMPLOYMENT BENEFITS IS AFFIRMED.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.