MAXWELL, J.,
for the Court:
¶ 1. Mississippi’s employment-insurance program serves a specific purpose — “to assist those individuals who involuntarily lose employment through no fault of their own, and who are ready, willing and available to return to work.”[1] Because Kathleen Owens admitted to the Mississippi Department of Employment Security (MDES) that she was unavailable to return to work for the first four weeks she had received unemployment benefits, MDES determined she was ineligible to receive benefits during that time period.[2] So the $620 in benefits she received for those four weeks was an overpayment she had to return.[3] After review, we find substantial evidence supports MDES’s decision that Owens had been ineligible and thus had been overpaid unemployment benefits. We affirm.
Discussion
¶ 2. This court will not disturb a decision by MDES, unless the decision “1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates [the claimantj’s constitutional rights.”[4] On appeal,[5] Owens does not argue MDES’s decision falls into any of these categories. Nor does she contest the finding by the administrative law judge (ALJ) that she was unavailable to work. Instead, her argument is that she had a good reason for being unavailable — caring for her critically ill husband.
¶ 3. On October 14, 2012, Owens’s husband had a stroke. And Owens admitted she quit going to work to stay at the hospital and care for her husband. Because of Owens’s absence from work, her employer let her go. In November, she applied for unemployment benefits with MDES. Starting the week ending on November 10, 2012, she received $155 per week for nine weeks — $1,395 total. Only after paying these benefits did MDES learn that Owens had given a false reason why she had been terminated and had concealed that she had no intention to rejoin the workforce while her husband’s condition was critical. MDES initially responded by declaring her ineligible for the entire nine weeks and requiring her to repay the full $1,395. But at a February 2013 hearing with the ALJ, Owens testified that, while she was unavailable to work in November, she was available to work starting December 1, 2012 — the date *945 her husband’s health improved. So in a modified decision, the ALJ declared Owens ineligible for only the first four weeks she received benefits—the time period during which Owens admitted she would not have worked because she was caring for her husband. Thus, Owens was only required to repay MDES $620 as an overpayment of benefits.
¶ 4. While we are certainly sympathetic to Owens’s situation, there is nothing legally incorrect with the ALJ’s modified decision. Under the unemployment-insurance statute, “[a]n overpayment of benefits occurs when a person receives benefits ... [but] is later found to be disqualified or ineligible for any reason[.]”[6] Owens was declared ineligible because of her admitted unavailability to work during November 2012. The statute is clear that only employees available to work in a given week are entitled to unemployment benefits.[7]
¶ 5. Our hands are largely tied here because discretion whether to require repayment belongs to MDES, not this court. And because there is substantial evidence to support MDES’s decision that Owens was ineligible for the first four of the nine weeks she received benefits, we affirm its decision that she must repay the $620 in benefits she received during that time.[8]
¶ 6. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT IS AFFIRMED.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.

. Henry v. Miss. Emp’t Sec. Comm’n, 905 So.2d 738, 740 (¶ 6) (Miss.Ct.App.2004) (emphasis added).

. See Miss. Code Ann. § 71-5-511(c) (Supp. 2013).

. See Miss.Code Ann. § 71-5-19(4)(a)(iii), (b) (Supp.2013).

. Henry, 905 So.2d at 740-41 (¶ 7).

. Owens first appealed to the MDES Board of Review, which affirmed the administrative law judge’s modified decision. She then appealed to the Washington County Circuit Court, which affirmed the Board of Review’s decision. Owens then appealed to this court.

. Miss.Code Ann. § 71 —5— 19(4)(a)(xii).

. "An unemployed individual shall be eligible to receive benefits with respect to any week only if the department finds that," among other things, the individual "is able to work, available for work[,] and actively seeking work.” Miss.Code Ann. § 71-5-511(c); see also Miss. State Emp’t Sec. Comm'n v. Jackson, 237 Miss. 897, 899-900, 116 So.2d 830, 832 (1960) ("In order to be entitled to unemployment compensation benefits under the statutes, an employee must be involuntarily unemployed and must be available for work [.]" (Emphasis added)).

.See Miss.Code Ann. § 71—5—19(4)(b) ("Any person receiving an overpayment shall, in the discretion of the department, ... be liable to repay to the department ... a sum equal to the overpayment amount so received by him[.]”).